United States District Court
Southern District of Texas
**ENTERED**
January 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS BENJAMIN GALYNSKY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-3328 |
| | § | |
| MONTGOMERY COUNTY SHERIFF'S OFFICE, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

There are many real problems in police practices. This case does not present them. The plaintiff's factual allegations are spare. A Montgomery County Sheriff's officer, Timothy Silva, stopped Mr. Galynsky in September 2021 for a suspected traffic violation. (Docket Entry No. 7 at ¶ 12). Officer Silva administered a DUI test and gave Mr. Galynsky a ticket, which Mr. Galynsky does not allege he disputed in traffic court. (*Id.* at ¶¶ 13–16).

According to Mr. Galynsky, the facts he alleges amount to a constitutional violation because: he had not committed a crime or threatened harm to anyone; the initial traffic stop and DUI were "unjustified"; he was written a "false ticket"; he was subject to "harassing" and "disrespecting"; and he was "arrested" on DUI charges that were subsequently dismissed. (*Id.* at ¶¶ 13, 16, 30). No physical force is alleged. No detention beyond the time needed to administer the DUI test and issue the ticket is alleged. Yet Mr. Galynsky alleges unconstitutionally excessive force and wrongful stop and detention. (*Id.* at ¶ 11).

The only complaint allegations that seem to even suggest excessive force are that the officers did not wear a mask. (*Id.* at ¶ 14). The incident took place outside, in September 2021, long after vaccinations had become available. But none of that matters. Mr. Galynsky cites no authority to support his argument that it was unconstitutionally excessive force for the officers not to wear a facemask while conducting a traffic stop and administering a DUI test. Taking the plaintiff's factual allegations as true, there was no constitutionally excessive force.

Nor was there an unconstitutional stop or detention. The facts alleged, taken as true, at most show that Mr. Galynsky disagreed with the officers' belief that he had committed a traffic violation. But those allegations do not plead facts that could show that it was objectively unreasonable for the officers to make the traffic stop and administer the DUI test.

In short, this case is dismissed, with prejudice, because amendment would be futile.

SIGNED on January 8, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge